IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY FRANCIS O'LEARY,

      Plaintiff,                          No. CIV S-09-2601 KJM P

    vs.

CALIFORNIA DEPT. OF CORRECTIONS
AND REHABILITATION, et al.,

      Defendants.                 ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 10, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint, which he has styled as a motion for leave to file an amended complaint. He has also filed a motion for the appointment of counsel.

        As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    When considering whether a complaint states a claim upon which relief can be
9 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
10 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.
11 Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than
12 those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive
13 dismissal for failure to state a claim, a pro se complaint must contain more than "naked
14 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15 action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
18 claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at
19 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
20 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
21 Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint
22 for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard
23 Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

24    The court finds the allegations in plaintiff's amended complaint so vague and
25 conclusory that it is still unable to determine whether the current action is frivolous or fails to
26 state a claim for relief.  The amended complaint does not contain a short and plain statement as

required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  This "notice pleading" requirement means plaintiff must allege with some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

It is clear from the amended complaint that plaintiff believes the defendants showed deliberate indifference to his serious medical needs, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.  However, plaintiff has still not identified specific acts of deliberate indifference attributable to specific defendants that, if proven in court, would support a claim for deliberate indifference to a serious medical need. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

1   This is because, as a general rule, an amended complaint supersedes the original complaint. See
2   Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint,
3   neither the original pleading nor the first amended complaint serves any function in the case.
4   Therefore, in a second amended complaint, as in an original complaint, each claim and the
5   involvement of each defendant must be sufficiently alleged.

6   Plaintiff has renewed his request for the appointment of counsel. As the court
7   explained in denying his first request, the United States Supreme Court has ruled that district
8   courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard
9   v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the
10  court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).
11  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,
12  1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional
13  circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

14   In accordance with the above, IT IS HEREBY ORDERED that:
15   1. Plaintiff's amended complaint is dismissed;
16   2. Plaintiff's motion for leave to file an amended complaint (Docket No. 19) is
17  denied as moot;
18   3. Plaintiff's motion for the appointment of counsel (Docket No. 22) is denied;
19  and
20  /////
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////

1     4. Plaintiff is granted thirty days from the date of service of this order to file a
2  second amended complaint that complies with the requirements of the Civil Rights Act, the
3  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
4  complaint must bear the docket number assigned this case and must be labeled "Second
5  Amended Complaint;" plaintiff must file an original and two copies of the second amended
6  complaint;
7  failure to file a second amended complaint in accordance with this order will result in a
8  recommendation that this action be dismissed.
9  DATED: June 3, 2010.

_____
U.S. MAGISTRATE JUDGE

4
olea2601.14amd+31