IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY FRANCIS O'LEARY,

    Plaintiff,                        No. CIV S-09-2601 KJM P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed June 4, 2010, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.[1]

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

---

[1] Because the court gave plaintiff leave to file a second amended complaint in its previous order, plaintiff's motion for leave to file a second amended complaint is moot.

1

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court again finds the allegations in plaintiff's second amended complaint so vague and conclusory that it fails to state a claim upon which relief can be granted, with one exception. Plaintiff has stated a claim with adequate particularity against defendant Clark, a nurse who, according to the complaint, took no action after reading plaintiff's blood pressure as 190/112 in 2007, two days before plaintiff had a heart attack. See Second Am. Compl. at 3.

Plaintiff alleges that he "had a near fatal heart attack" and "dropped dead" shortly afterwards but was revived by medical personnel on the scene. Id.  He goes on to allege that he later was given a pacemaker and, it appears, has been in a wheelchair following his collapse. Id.  These allegations, if true, could stand as the basis of a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

As for all other defendants named in the complaint, plaintiff has included a few facts not alleged in earlier pleadings, but the allegations still ascribe no specific acts of deliberate indifference that, if proven in court, would subject a particular, individual defendant other than Clark to liability.  The court has noted in previous screening orders that a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id. Therefore the complaint must allege in specific terms how each named defendant is involved.  A sufficiently specific allegation includes a statement of a particular, serious medical need on a particular occasion.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Furthermore, supervisory officials such as a warden cannot be held vicariously liable for the actions of their subordinates in a § 1983 action.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  A supervisor can be held liable for a violation of constitutional rights even if he or she was not personally involved in the actions which led to the violation if the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.  Id.  Participation sufficient to incur

1   liability may involve the setting in motion of acts that cause others to inflict constitutional injury.
2   Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

3   Therefore, when a named defendant holds a supervisory position, the causal link
4   between him and the claimed constitutional violation must be specifically alleged.  See Fayle v.
5   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
6   1978).  A plaintiff must allege: (1) that the supervisory defendant's "own culpable action or
7   inaction in the training, supervision, or control of his subordinates" caused the constitutional
8   injury; (2) that he acquiesce[d] in the constitutional deprivations of which [the] complaint is
9   made;" or (3) that their conduct showed a "reckless or callous indifference to the rights of
10  others."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).

11  As noted above, plaintiff has included a few new facts about his medical
12  condition and treatment that did not appear in previous pleadings.  Because some of these facts
13  evince, if true, a serious medical need and possible, deliberate indifference to those needs,
14  plaintiff will be afforded a final opportunity to amend his claims if he chooses.  Plaintiff also has
15  the option of resting on the pleadings of the second amended complaint and proceeding solely
16  with a claim against defendant Clark.  Therefore, plaintiff may (1) proceed forthwith to have the
17  court order defendant Clark served and pursue his claims against only that defendant or (2) he
18  may, after considering the pleading standards reviewed in this order, delay service on any
19  defendant and attempt again to state a cognizable claim against defendants Cate,
20  Schwarzenegger, Laoma, Machado, Madrid, Ortiz, Pashtoon, Barnett, Soltanian, Tseng or Todd.
21  Plaintiff is not obligated to amend his complaint and may simply proceed with the first option of
22  having defendant Clark served with the second amended complaint.

23  If plaintiff elects to file a third amended complaint and again attempt to state
24  cognizable claims against defendants Cate, Schwarzenegger, Laoma, Machado, Madrid, Ortiz,
25  Pashtoon, Barnett, Soltanian, Tseng or Todd, he has thirty days from the entry of this order in
26  which to do so.

If plaintiff chooses to file a third amended complaint, plaintiff is informed again that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in a preceding complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff elects to proceed forthwith against defendant Clark, against whom he has stated a cognizable claim for relief, then within thirty days he must return the materials for service of process enclosed herewith.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendants Cate, Schwarzenegger, Laoma, Machado, Madrid, Ortiz, Pashtoon, Barnett, Soltanian, Tseng and Todd. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient to state cognizable claims against defendant Clark. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed June 15, 2010, one USM-285 form and instructions for service of process on defendant Clark. Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint of June 15, 2010. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Clark will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

/////

1  3. Failure to comply with this order will result in a recommendation that this
2 action be dismissed.
3  4. Plaintiff's motion for leave to file a second amended complaint (Docket No.
4 24) is denied as moot.
5 DATED: July 29, 2010.

_____
U.S. MAGISTRATE JUDGE

4
olea2601.14option

6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY FRANCIS O'LEARY,

        Plaintiff,                  No. CIV S-09-2601 KJM P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
et al.,

        Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

_____ /

    Plaintiff hereby submits the following documents in compliance with the court's order

filed _____:

        __1__        completed summons form

        _____        completed forms USM-285

        _____        copies of the _____
                                       Amended Complaint

Dated:

                                     _____
                                            Plaintiff