IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY FRANCIS O'LEARY,

      Plaintiff,                    No. 2:09-cv-2601 GEB CKD P

     vs.

CLARK,

      Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He alleges that defendant Clark, a nurse at Avenal State Prison where plaintiff was housed, was deliberately indifferent to a serious medical need on March 3, 2007, when plaintiff's blood pressure allegedly registered at 190/112. See Second Amended Complaint at 3 (Docket No. 24). Clark has filed a motion to dismiss, arguing plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit and that plaintiff has failed to state a claim on which relief could be granted.

      I.  Exhaustion of administrative remedies

       A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial

1

remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act (PLRA), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). At the time of the alleged violation in 2007, the California Department of Corrections and Rehabilitation's (CDCR) regulations provided administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims.[1] Administrative procedures were exhausted once a prisoner received a "Director's Level Decision," or third level review, with respect to his issues or claims. CDCR regulations in 2007 required an inmate to file his prisoner grievance within fifteen working days of the events grieved. Weekends and holidays were not counted as working days. CCR title 15 § 4003(j)(2); Barrett v. Cate, 2011 WL 6753993 at *4 (E.D. Cal.).

If a plaintiff failed to exhaust available administrative remedies by filing a late grievance, his federal action must be dismissed. Woodford v. Ngo, 548 U.S. 81 (2006). Exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Exhaustion "'means using all steps that the agency holds out, and doing so properly....'" Woodford, 548 U.S. at 90 (citation omitted). Therefore, an inmate must pursue a grievance through every stage of the prison's administrative process before a civil rights action is filed, unless he can demonstrate a step was not available to him.

The term "available" in prisoners' civil rights cases stems directly from the PLRA, which bars an action "until such administrative remedies as are available are exhausted."

---

[1] The informal level of review was eliminated by amendment to CCR title 15 § 3084.7, effective January 28, 2011.

42 U.S.C. § 1997e(a). The Ninth Circuit has held that a prisoner has met the "availability" requirement if the prisoner attempted to complete the grievance process but was precluded by a prison official's mistake. See Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010). The reasoning in such cases is the prison official's action (or inaction) effectively rendered further exhaustion unavailable under the PLRA. Other circuit courts have held that a prisoner has satisfied the exhaustion requirement if prison officials prevent exhaustion through their own misconduct or fail to respond to a grievance within the applicable time limits. There too, courts have applied the "availability" requirement of the PLRA. See, e.g., Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to obstruct exhaustion).

Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119. The court resolves all ambiguities in favor of the non-moving party. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

   A.   Exhaustion analysis

In support of Clark's motion to dismiss for failure to exhaust administrative remedies, Clark has submitted sworn declarations by five appeals coordinators with CDCR. Each of them testifies to his or her own reading of the appeals record and swears that plaintiff never submitted an appeal that would have exhausted the claim against defendant Clark that is now before the court.

In his opposition, plaintiff asserts that "as to not filing 602's, which always never get heard and are destroyed. I filed a 602's against C/O Madrid and the medical staff for abuse and nothing ever came of it." Opp'n at 2 (Docket No. 49). Although ambiguities must be resolved in favor of the non-moving party, see Estelle, supra., the court does not find plaintiff's statement sufficiently definitive to overcome the sworn declarations presented as to the absence

\\\\\

\\\\\

of a grievance.  The Court will therefore recommend that defendant Clark's motion to dismiss for failure to exhaust administrative remedies be granted.[2]

II.  Conclusion

Defendant Clark has carried her burden of showing plaintiff failed to exhaust his administrative remedies.  The motion to dismiss should be granted on that basis.

IT IS THEREFORE RECOMMENDED that the motion to dismiss the second amended complaint (Docket No. 48) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 21, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3/olea2601.57

---

[2] In light of the court's conclusion, the undersigned declines to address defendant's second basis for the motion to dismiss, failure to state a claim.

4