IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY FRANCIS O'LEARY,

        Plaintiff,                    No. 2:09-cv-2601 GEB CKD P

    vs.

CLARK

        Defendant.              <u>ORDER</u>

/

        Plaintiff is proceeding *pro se* with a complaint pursuant to 42 U.S.C. § 1983. This court issued findings and recommendations on June 22, 2012 which recommended that the second amended complaint be dismissed for plaintiff's failure to exhaust administrative remedies. (<u>See</u> Dkt. No. 53.) Plaintiff thereafter filed objections to the findings and recommendations. Pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, Nos. 09-15548, 09-16113, – F.3d –, 2012 WL 2626912 (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for opposing the motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the

1

1  Federal Rules of Civil Procedure which was filed by defendant on February 13, 2012.[1] Such a
2  motion is a request for dismissal of unexhausted claims without prejudice.  The defendant may
3  submit affidavits or declarations under penalty of perjury and admissible documentation to
4  support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations
5  under penalty of perjury and admissible documentation.  Plaintiff may rely upon statements made
6  under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal
7  knowledge of the matters state and the plaintiff calls to the court's attention those parts of the
8  complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or
9  declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may
10 also rely upon written records, but plaintiff must prove that the records are what plaintiff claims
11 they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court
12 may rely on the defendant's evidence.  In the event both sides submit matters outside the
13 pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If
14 plaintiff does not serve and file a written opposition to the motion, the court may consider the
15 failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion to
16 dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be
17 dismissed without prejudice.

18         Unsigned affidavits or declarations will be stricken, and affidavits or declarations
19 not signed under penalty of perjury have no evidentiary value.

20         Plaintiff will be provided twenty-one (21) days to file additional evidentiary
21 materials if he wishes regarding the motion to dismiss for failure to exhaust administrative
22 remedies.

23 /////
24 /////

---

26  [1] Plaintiff was also advised of these requirements on December 12, 2011.  (See Dkt. No. 42.)

2

1  Accordingly, IT IS HEREBY ORDERED that plaintiff shall have twenty-one (21)
2 days from the date of this order to file additional evidentiary submissions if he wishes regarding
3 the motion to dismiss, but it is not required.  No extensions of time will be given.

Dated: July 11, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
olea2601.not